CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 1 2 2006
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID A. WILSON, <br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br> Respondent. | Civil Action No. 7:06-cv-00014 <br><br> **MEMORANDUM OPINION** <br><br> By: James C. Turk <br> Senior United States District Judge |

Petitioner David A. Wilson, a federal inmate proceeding pro se, files this action as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255. Upon review of the record, the court will dismiss this § 2255 motion as successive.

Court records indicate that Wilson was convicted of drug and firearm offenses in 1995 and sentenced to 235 months. He previously filed a § 2255 motion, Civil Action No. 7:99-cv-00553, regarding these same convictions. In that action, this court denied relief under § 2255, and the United States Court of Appeals for the Fourth Circuit affirmed that judgment. Wilson then filed a second § 2255 motion, which the court dismissed as successive, and on appeal, the Fourth Circuit denied Wilson a certificate of appealability and dismissed the case. See Civil Action No. 7:03-cv-00188.

Clearly, petitioner's current § 2255 motion is a second or subsequent one, falling under the successive petition bar in § 2255 para. 8. Under para. 8, the district court may consider a second or successive § 2255 motion only upon specific certification from the appropriate United States Court of Appeals. As petitioner has not submitted any evidence that he has obtained certification from the Fourth Circuit to file a second or successive § 2255 motion, the court will dismiss Wilson's current action as successive. An appropriate order shall be issued this day.

Moreover, Wilson's current § 2255 motion is untimely filed and does not state any ground upon which he is entitled to relief. Wilson requests re-sentencing based on the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005). Wilson also argues that his § 2255 motion is timely filed under § 2255 para. 6(3) because he submitted it within one year of the Booker decision. The Supreme Court, in its Booker decision, extended the rule in

Blakely v. Washington, 542 U.S. 296 (2004), to invalidate the United States Sentencing Guidelines in part. The United States Court of Appeals for the Fourth Circuit has held that Booker does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became final on direct review before the Booker opinion issued. United States v. Morris, 429 F.3d 65 (4th Cir. 2005). See also United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding Booker not to be retroactive). Wilson's case became final at the latest on May 3, 1999, when the United States Supreme Court denied his petition for a writ of certiorari in his direct appeal proceedings. United States v. Clay, 537 U.S. 522, 525 (2003). Since Wilson's conviction became final prior to the decision in Booker, Booker does not apply retroactively to his § 2255 motion for collateral review. Moreover, because Booker does not apply to his case, it does not provide a basis on which to find his § 2255 motion timely under para. (3); as he did not file the motion within one year of the date on which his conviction became final, Wilson's § 2255 motion is clearly late under § 2255 para. 6(1).[1]

Based on the foregoing, the court will summarily dismiss Wilson's current §2255 motion. An appropriate order shall be issued this day. Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review his successive §2255 motion. He must submit a copy of his §2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive §2255 motion. See 28 U.S.C. §2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The petitioner is also advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue

---

[1] Wilson signed and dated his motion on December 31, 2005.

only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 17th day of January, 2006.

/s/ James C. Turk
Senior United States District Judge